UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:22-49-KKC |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| JANARD WESLEY-HUGHES, | |
| Defendant. | |

* * * * * * * * * * * *

Defendant Janard Wesley-Hughes is charged with four counts of distributing fluorofentanyl in violation of 21 U.S.C. § 841(a)(1). He is currently in custody pending trial. He moves (R. 18) the Court to revoke his detention order.

At Wesley-Hughes's initial appearance, the government moved that he be detained pending trial. Under the Bail Reform Act of 1984 (BRA), 18 U.S.C. § 3141 *et seq*., the Court must order an accused's pretrial release unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Under the act, however, there is a presumption in favor of detention when there is probable cause to believe that the person committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21 U.S.C. §§ 801 et seq.)." 18 U.S.C. § 3142(e)(3)(A). A grand jury indictment charging such an offense triggers this presumption. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). There is no dispute that the presumption applies in this case.

Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk of flight and danger to the community remains with the government. *Id*.  The defendant's burden of production is "not heavy," but he must produce some evidence that he does not pose a danger to the community or risk of flight. *Id*. An unrebutted presumption requires detention. *Id*. However, even if a defendant successfully rebuts the presumption, the presumption remains a pro-detention factor for consideration by the district court to consider in determining whether to release or detain. *Id*.

Where the presumption does not apply, detention is appropriate if the government proves by a preponderance of the evidence that the defendant is a flight risk or if it proves by clear and convincing evidence that the defendant poses a danger to the public or any person. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004).

The magistrate judge conducted a detention hearing and determined that Wesley-Hughes had rebutted the presumption that he poses a flight risk and a danger to the public. The magistrate judge further determined that the government had failed to prove by a preponderance of evidence that Wesley-Hughes poses a flight risk that could not be mitigated by conditions on his release.

The magistrate judge further concluded, however, that the government had proved by clear and convincing evidence that Wesley-Hughes poses a danger to the community and that no conditions of release could mitigate that danger. Accordingly, the magistrate judge ordered that Wesley-Hughes be detained pending trial. Wesley-Hughes now asks this Court to revoke that order pursuant to 18 U.S.C. § 3145(b).

The Court will conduct a *de novo* review of the magistrate judge's detention order. The statute does not explicitly require that this Court conduct an additional hearing, and, in his motion, Wesley-Hughes does not rely on or explain any additional evidence that he would proffer in

support of his motion. Accordingly, a second detention hearing is not necessary. *See United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir.1987); *United States v. Watkins* , No. 13-02-KSF, 2013 WL 614252, at * 4 (E.D. Ky. 2013); *United States v.* Jones, No. 12:CR-105, 2012 WL 6737784, at * 1, n.1 (D. Conn. 2012); *United States v. Burks*, 141 F. Supp. 2d 1283, 1285 (D. Kan. 2001); *United States v. Alonso*, 832 F. Supp. 503, 504 (D. Puerto Rico 1993); *United States v. Bergner*, 800 F. Supp. 659, 661 (N.D.Ind.1992).

In resolving this motion, the Court will rely on an audio recording of the detention hearing, the Pretrial Services Report, the affidavit filed in support of the complaint (R. 1-1), and the briefs filed by the parties.

In determining whether to detain a defendant pending trial, the court is to consider "the available information" on the following factors: the nature and circumstances of the offense, including whether the offense is a crime of violence or involves a controlled substance; the weight of the evidence against the person; the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g).

Wesley-Hughes is charged with four counts of an extremely serious offense that threatens individuals and the public at large: distributing fluorofentanyl.  (R. 11, Indictment.) DEA Task Force Officer Keith Parke testified at the detention hearing that Wesley-Hughes sold fluorofentanyl to a confidential informant in Madison County, Kentucky on four occasions. Both parties recognized at the detention hearing and in their briefing that fluorofentanyl is an inherently dangerous drug. Officer Parke testified that fluorofentanyl is an analog of fentanyl and is a rare drug that had never been seen in the area prior to this investigation. During this investigation, Officer Parke was made aware of 12 to 15 deaths in the region that were attributed to fluorofentanyl

in a roughly six-week period. Wesley-Hughes argues that the evidence is weak that any fluorofentanyl that he sold caused any of these deaths. Regardless, the deaths demonstrate that fluorofentanyl is an exceptionally dangerous drug. Distributing it is always potentially fatal. The nature and circumstances of the offense weigh in favor of detention.

As to the weight of the evidence against Wesley-Hughes, the Sixth Circuit has interpreted the weight-of-the evidence factor to mean "the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948. Given the inherent and extreme dangers of distributing fluorofentanyl to a community, this factors also weighs in favor of detention.

As to Wesley-Hughes' history and characteristics, there is no evidence that Wesley-Hughes has been charged with any crime other than a DUI nearly a decade ago. It appears that he has been steadily employed and has strong ties in Detroit, Michigan, where he was born and has lived all his life. His parents live there as does his significant other of more than 20 years. Nevertheless, there was no explanation as to why Wesley-Hughes made repeated trips to the Eastern District of Kentucky during the time period in question. There is no evidence that he has any ties to this region other than his interactions with the confidential informant.

Further, also relevant to Wesley-Hughes's characteristics, Officer Parke testified that Wesley-Hughes became aware during the relevant time period that at least one of his buyers in the area had overdosed. Officer Parke also testified that officers learned during this investigation that Wesley-Hughes believed that law enforcement officers were following him and had followed him all the way to Ohio. None of that deterred him from returning to the Eastern District of Kentucky, where he has no known ties and where he was ultimately arrested with a large amount of fluorofentanyl in his car. These circumstances weigh in favor of detention and further indicate that

4

there are no conditions that the Court could impose upon Wesley-Hughes to ensure that he would not present a danger to the community if he were released.

For all these reasons, the Court finds that the government demonstrated by clear and convincing evidence that there are no conditions that could reasonably assure the community's safety if Wesley-Hughes were released.

Accordingly, the Court hereby ORDERS that Wesley-Hughes's motion for revocation of the magistrate judge's detention order (R. 18) is DENIED.

This 8th day of June, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY